IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY PENDARVIS f/k/a Mary Elizabeth Dear,

Plaintiff,

vs.

FAY SERVICING, LLC,

Defendant.
_______________________________________/

Case No. ___________________________

Re: violation of the Real Estate Settlement Procedures Act

**COMPLAINT**

By counsel, MARY PENDARVIS f/k/a Mary Elizabeth Dear respectfully STATES, ALLEGES, and PRAYS for relief as follows:

**Preliminary Statement**

1. This action is brought by the Plaintiff, Mary Pendarvis f/k/a Mary Elizabeth Dear, against the mortgage company that serviced the mortgage on her home: Fay Servicing LLC.

2. Defendant Fay Servicing, LLC has failed to produce certain documents requested pursuant to a properly made "qualified written request," in violation of the mortgage servicer provisions of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.S. § 2605.

**Jurisdiction**

3. Jurisdiction over this matter is conferred upon this Court by 12 U.S.C.A § 2614, 15 U.S.C.A. § 1692 and 28 U.S.C.A. § 1331.

4. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the mortgage loan at issue in this case is situated within this district.

**Parties**

5. Plaintiff Mary Pendarvis is a natural person residing at 13378 Onion Creek Court, Fort Myers, Florida 33912.

6. The Defendant, Fay Servicing, LLC ("Fay Servicing"), is a Delaware limited liability company with its principal place of business in Illinois. At the time of events set forth herein, Fay Servicing was the servicing agent for the holder of Pendarvis' mortgage note. The mortgage on Pendarvis' property was held at the time by U.S. Bank, N.A. as the trustee for an investor-owned trust that holds a large pool of mortgage loans.

**Facts**

7. On October 13, 2005, the Plaintiff borrowed $127,950.00 from Countrywide Home Loans, Inc. for the purchase of a residential property located in Bradenton, Florida. The Note signed by Pendarvis was secured by a mortgage on the residential property.

8. U.S. Bank, N.A. subsequently became the owner of the subject Note and Mortgage (hereinafter referred to as the "Loan"). At the time U.S. Bank obtained an interest in the Loan, it deemed the mortgage account to be in default and caused the account to be serviced as a debt in default.

9. May 31, 2016, U.S. Bank initiated foreclosure proceedings against Pendarvis alleging that she was in default on the Loan (hereinafter referred to as the "Foreclosure Case").

10. Pendarvis filed an answer and affirmative defenses in the Foreclosure Case in which she denied and disputed the amounts that U.S. Bank claimed were due and owing as alleged in the Foreclose Case complaint.

11. During the course of the Foreclosure Case, Pendarvis obtained a copy of certain letters that were allegedly sent to her by U.S. Bank and dated March 6, 2016 regarding the amounts owed under the Loan, default and acceleration of the Loan. In that correspondence, it was claimed that Pendarvis owed $125,023.56 under the Loan.

12. On January 21, 2018 Pendarvis, by counsel, wrote to Fay Servicing disputing the amounts alleged to be due and owing contained in March 8, 2016 correspondence. In that letter she requested the following items of information:

12.1 The monthly principal and interest payment, and monthly escrow payment from the inception of the mortgage loan to the present.

12.2 The total amount, separately listed and identified, for any unpaid principal, interest, escrow charges, and other charges due and owing as of January 21, 2018.

12.3 The total amount paid by Mary Pendarvis f/k/a Mary Elizabeth Dear on the mortgage account as of the date of the notice of default.

12.4 For each payment received from inception of the loan to present, indicate the amount of the payment, the date received, the date posted to the account, how the payment was applied or credited (indicating the portion, if any, applied or credited to principal, interest, escrow, suspense or other treatment), and the month to which the payment was applied. If interest is calculated using a daily accrual accounting

method, indicate for each payment the number of days that lapsed from the prior payment application date.

12.5 The amount, payment date, purpose, and recipient of all foreclosure expenses, late charges, NSF check charges, appraisal fees, property inspection/preservation fees, force placed insurance charges, legal fees, recoverable corporate advances, and other expenses or costs that have been charged and/or assessed to Mary Pendarvis f/k/a Mary Elizabeth Dear's mortgage account from the inception of the mortgage loan to the present.

12.6 The amount, payment date, purpose, and recipient of all escrow account items, including but not limited to taxes, water and sewer charges, and insurance premiums, charged and/or assessed to Mary Pendarvis f/k/a Mary Elizabeth Dear's mortgage account from the inception of the mortgage loan to the present.

12.7 A breakdown of the current escrow account payment showing how it was calculated and the reasons for any increase or decrease in the months prior to January 21, 2018. Indicate the date when the last escrow account analysis was conducted on the mortgage account.

12.8 The balance in the escrow account as of January 21, 2018.

12.9 The balance in any suspense account as of January 21, 2018 and the reason why such funds were deposited in said account.

12.10 The current interest rate on Mary Pendarvis f/k/a Mary Elizabeth Dear's mortgage account.

13. On January 22, 2018 Fay Servicing acknowledged receipt of Pendarvis' counsel's letter requesting account information and documents.

14. Subsequently, Pendarvis received a letter dated February 12, 2018, purporting to respond to her written request for account information and documents. The letter included as attachments the following documents:

14.1 Mortgage, note, and two assignments of mortgage.

14.2 Two notices of sale of ownership of mortgage loan.

14.3 Escrow account disclosure statements dated 09/23/2015 09/22/2016 and 01/17/2017.

14.4 Mortgage billing statements dated 12/11/2017 and 01/10/2018.

14.5 Correspondence from Fay Servicing regarding welcoming Pendarvis, notice of servicing transfer, validation of debt letter and Internal revenue Service Form W-9.

14.6 "Customer Account Activity Statement" dated February 12, 2018 and only covering the two- and half-year period from 08/01/2015 to 02/09/2018.

**Count 1**
**(Violation of the Real Estate Settlement Procedures Act)**

14. The allegations of paragraphs one through 14 above are realleged and incorporated herein by reference.

15. On January 21, 2018, the Pendarvis, though her attorney, sent Fay Servicing a "qualified written request" as that term is defined under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.S. § 2605(e)(1)(B), regarding her dispute as to the amounts due and owing under the Loan. In the qualified written request, Pendarvis specified that she disputed the amounts due and owing under Loan and thereby putting Fay Servicing on notice that its

accounting of the Loan was in error. She also detailed the items of information and documents needed that would support Fay Servicing's claim that Pendarvis owed $125,023.5.

16. Fay Servicing violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make appropriate corrections to the Pendarvis' account in response to the qualified written request, including the crediting of any fees and costs wrongfully charged, and failing to transmit written notice of such corrections to Pendarvis no later than 60 days after receipt of her qualified written request.

17. Fay Servicing violated RESPA, 12 U.S.C. § 2605(e)(2)(C) by failing to provide the Pendarvis with the information and documentation requested, or an explanation why the information sought was unavailable, no later than 60 days after receipt of the Pendarvis' qualified written request.

18. As a result of Fay Servicing's violation of RESPA, Pendarvis was unable to defend the Foreclosure Case and avoid a judgment of foreclosure, and lost ownership of the residential property in foreclosure. In addition, she incurred additional interest, late fees and costs in the Foreclosure case and costs in sending the qualified written request.

## Relief Requested

WHEREFORE, the Plaintiff, MARY PENDARVIS f/k/a Mary Elizabeth Dear, respectfully prays that this Court:

- Assume jurisdiction over this action;
- Declare that Defendant Fay Servicing, LLC violated RESPA, and award the Plaintiff actual damages and statutory damages pursuant to 12 U.S.C.A. § 2605(f);

- Award Plaintiff reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to 12 U.S.C.A. § 2605(f); and
- Grant such other or further relief as is appropriate.

Dated: February 11, 2019.

/s/ JASON P. RAMOS (Trial Counsel)
Fla. Bar No. 70388
**LAW OFFICES OF JASON P RAMOS PLLC**
950 S Tamiami Trail, Suite 100
Sarasota, Florida 34236
Tel. (941) 306-2384
E-mail: jason@jason.law

*Attorney for Mary Pendarvis*

4812-8716-1992, v. 1